IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRANDON ROSS, | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 3:23-cv-00071 |
| | § | |
| QT SOUTH, LLC D/B/A QUIKTRIP #922; | § | |
| QTR CORPORATION; QUIK 'N TASTY | § | |
| FOODS, INC.; QT FUELS, INC.; NATIONAL | § | |
| PRODUCT GROUP, INC.; QUIKTRIP WEST, | § | |
| LLC; and QUIKTRIP CORPORATION, | § | |
|     Defendants. | § | |

**DEFENDANTS' NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to the terms and provisions of 28 U.S.C. §§1441 and 1446, Defendants QT South, LLC d/b/a QuikTrip #922, QTR Corporation, Quik 'N Tasty Foods, Inc., QT Fuels, Inc., National Product Group, Inc., QuikTrip West, LLC, and QuikTrip Corporation, (collectively referred to herein as "Defendants" or "QuikTrip"), in the cause styled "*Brandon Ross v. QT South, LLC d/b/a QuikTrip #971, QTR Corporation, Quik 'N Tasty Foods, Inc., QT Fuels, Inc., National Product Group, Inc., QuikTrip West, LLC, and QuikTrip Corporation*," originally pending as Cause No. DC-22-17182 in the 298th Judicial District Court of Dallas County, Texas, file this Notice of Removal of the cause to the United States District Court for the Northern District of Texas, Dallas Division.

I.
**BASIS FOR REMOVAL**

The basis for removal of this action is diversity jurisdiction under 28 U.S.C. § 1332. In particular, diversity jurisdiction exists in this case because there is complete diversity of citizenship between the parties. As set forth below, Plaintiff is a citizen of the State of Texas; Defendant is not a citizen of the State of Texas; and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[1]

II.
**DIVERSITY JURISDICTION**

Plaintiff Brandon Ross, at the time of the initial filing of this action and at the current time of the removal of this action, was and is a citizen, resident, and domiciliary of Dallas County, Texas.

QT South, LLC, at all relevant times was and is a Limited Liability Company – and has never done business as QUIKTRIP #922. Therefore, its citizenship is determined by the citizenship of its members.[2] The sole member of QT, South, LLC is QTR Corporation, a corporation duly formed and existing under the law of the State of Oklahoma, with a principal place of business in Tulsa, Oklahoma. Accordingly, QT South, LLC is and was at all relevant times a resident of the State of Oklahoma. Additionally, for the reasons explained below, QT South, LLC is not a proper party to this action, has been fraudulently joined, and hence its citizenship should not be considered for purposes of removal.

---

[1] *See* 28 U.S.C. § 1332 (2012).

[2] *See, e.g., Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

QTR Corporation at the time of the initial filing of this action and at the time of the removal of this action, was and is a corporation formed under the laws of the State of Oklahoma, with its principal place of business in Tulsa, Oklahoma. QTR Corporation has never been a resident of, been incorporated in, or had its principal place of business in the State of Texas. Additionally, for the reasons explained below, QTR Corporation not a proper party to this action, has been fraudulently joined, and hence its citizenship should not be considered for purposes of removal.

Quik'N Tasty Foods, Inc. at the time of the initial filing of this action and at the time of the removal of this action, was and is a corporation formed under the laws of the State of Oklahoma, with its principal place of business in Tulsa, Oklahoma. Quik'N Tasty Foods, Inc. has never been a resident of, incorporated in, or had its principal place of business in the State of Texas. Additionally, for the reasons explained below, Quik'N Tasty Foods, Inc. is not a proper party to this action, has been fraudulently joined, and hence its citizenship should not be considered for purposes of removal.

QT Fuels, Inc. is at the time of the initial filing of this action and at the time of the removal of this action, was and is a corporation formed under the laws of the State of Oklahoma, with its principal place of business in Tulsa, Oklahoma. QT Fuels, Inc. has never been a resident of, incorporated in, or had its principal place of business in the State of Texas. Additionally, for the reasons explained below, QT Fuels, Inc. is not a proper party to this action, has been fraudulently joined, and hence its citizenship should not be considered for purposes of removal.

National Product Group, Inc. at the time of the initial filing of this action and at the time of the removal of this action, was and is a corporation formed under the laws of the State of

Oklahoma, with its principal place of business in Tulsa, Oklahoma. National Product Group, Inc. has never been a resident of, incorporated in, or had its principal place of business in the State of Texas. Additionally, for the reasons explained below, National Product Group, Inc. is not a proper party to this action, has been fraudulently joined, and hence its citizenship should not be considered for purposes of removal.

QuikTrip West, LLC at all relevant times was and is a Limited Liability Company formed in the State of Kansas upon the conversion of QuikTrip West, Inc – a corporation duly formed and doing business under Kansas law. Therefore, its citizenship is determined by the citizenship of its members.[3] The sole member of QuikTrip West, LLC is QuikTrip Corporation, a corporation duly formed and existing under the law of the State of Oklahoma, with a principal place of business in Tulsa, Oklahoma. Accordingly, QuikTrip West, LLC is and was at all relevant times a resident of the State of Oklahoma. Additionally, for the reasons explained below, QuikTrip West, LLC is not a proper party to this action, has been fraudulently joined, and hence its citizenship should not be considered for purposes of removal.

QuikTrip Corporation – **the real party in interest and only proper QuikTrip entity to this action** – at the time of the initial filing of this action and at the time of the removal of this action, was and is a corporation formed under the laws of the State of Oklahoma, with its principal place of business in Tulsa, Oklahoma. QuikTrip Corporation has never been a resident of, been incorporated in, or had its principal place of business in the State of Texas.

---

[3] *See, e.g., Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

### III.
### FACTUAL BACKGROUND

Plaintiff claims on or about December 17, 2020, he sustained injuries when he suddenly slipped on wet floor causing him to lose his balance and fall injuring himself at QuikTrip store #922, located at 3900 N Houston School Rd., Lancaster, Texas 75134. Plaintiff filed his Original Petition on December 15, 2022, in the 298th Judicial District Court, Dallas County, Texas, alleging negligence-based claims against Defendants.

### IV.
### AMOUNT IN CONTROVERSY

As the Fifth Circuit has explained, "[i]t has long been recognized that 'unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith.'"[4] Likewise, the amount-in-controversy asserted by Defendant should be accepted when not contested.[5] Thus, "[i]n order for a federal court to decline jurisdiction, '[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount.'"[6]

Moreover, the removing party must only resort to establishing the amount in controversy by a preponderance of the evidence, "when a complaint does not allege a specific amount of damages."[7] The amount is sufficiently specific when it alleges "damages are in excess of the

---

[4] *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

[5] *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87, 135 S. Ct. 547, 553, 190 L. Ed. 2d 495 (2014).

[6] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995) (quoting *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938)).

[7] *Greenberg*, 134 F.3d at 1253.

federal jurisdictional amount."[8] Recently, the Fifth Circuit found "the amount in controversy satisfied the jurisdictional amount" when the Texas plaintiff "sought up to $100,000 in damages"[9]

Here, Plaintiff specifically pleads in his Original Petition that he is seeking damages in the amount of $250,000.00 to $1,000,000.00.[10] Plaintiff further seeks recovery of damages for past and future: medical expenses; physical pain and physical impairment; mental anguish; and loss of earning capacity.[11] Thus, the amount in controversy in this case therefore exceeds $75,000.00, exclusive of interest and costs, and this case is removable.[12]

## V.
## IMPROPER/FRAUDULENT JOINDER

In the event the diversity of citizenship of Defendants QT South, LLC d/b/a QuikTrip #922, QTR Corporation, Quik 'N Tasty Foods, Inc., QT Fuels, Inc., National Product Group, Inc., or QuikTrip West, LLC is disputed, federal diversity jurisdiction still exists because every defendant other than QuikTrip Corporation has been fraudulently joined. Therefore, their citizenship should be disregarded for purposes of diversity jurisdiction.

Improper/fraudulent joinder may be established where, as here, there is no possibility that a plaintiff can maintain a cause of action against an employee based on the pleaded facts.[13]

---

[8] *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992).

[9] *Eng. v. Aramark Corp.*, 858 F. App'x 115, 116 (5th Cir. 2021).

[10] *See* Plaintiff's Original Petition, attached hereto as Exhibit 2, at p. 1, Sec. I.

[11] *Id.* at p. 5, Sec. VII.

[12] *See S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996); *see also Laughlin v. Kmart Corp.*, 50 S.W.3d 871, 873 (10th Cir. 1995) (amount in controversy is ordinarily determined by allegations in complaint).

[13] *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007); *Larrouquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 374 (5th Cir. 2006).

Federal courts look to Texas state law to determine whether a plaintiff may maintain a cause of action against a defendant.[14] Under Texas law a premises liability claim can only be maintained against someone who had control over and responsibility for the premises.[15] Additionally, no ordinary negligence cause of action can be maintained when the facts give rise to a premises liability claim – the two are mutually exclusive.[16]

Here, there is no possibility Plaintiff can maintain a cause of action against Defendants QT South, LLC d/b/a QuikTrip #922, QTR Corporation, Quik 'N Tasty Foods, Inc., QT Fuels, Inc., National Product Group, Inc., and QuikTrip West, LLC based on the pleaded facts, because Plaintiff can only maintain a single cause of action for premises liability and only against QuikTrip Corporation, which had control over and responsibility for the premises. Defendants QT South, LLC d/b/a QuikTrip #971, QTR Corporation, Quik 'N Tasty Foods, Inc., QT Fuels, Inc., National Product Group, Inc., and QuikTrip West, LLC, therefore, have been improperly joined in this matter and their citizenship should be disregarded. Upon properly disregarding the citizenship of all of the defendants not named QuikTrip Corporation, it is clear complete diversity exists between the proper parties in this case.

---

[14] *See Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003).

[15] *Mayer v. Willowbrook Plaza Ltd. Partnership*, 278 S.W.3d 901, 909 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (citing *County of Cameron v. Brown*, 80 S.W.3d 549, 556 (Tex. 2002)).

[16] *See, Keetch v. Kroger*, 845 S.W.2d 262, 264 (Tex. 1992)*; H.E. Butt Grocery Co. v. Warner*, 845 S.W.2d 258, 259 (Tex. 1992); *Brookshire Grocery Co. v. Taylor*, 222 S.W.3d 406, 410 (Tex. 2006) (Johnson, J., concurring); *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010); *Sampson v. Univ. of Texas at Austin*, 500 S.W.3d 380, 390-91 (Tex. 2016); *United Scaffolding Inc. v. Levine*, 537 S.W.3d 463, 472 (Tex. 2017).

## VI.
## REMOVAL IS TIMELY

This removal is timely because it is filed "within thirty days after receipt, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained the case is one which is or has just become removable."[17] Defendants first became aware this case was removable on or about December 21, 2022, when QuikTrip was served with Plaintiff's Original Petition. Accordingly, this removal is timely because it is made within thirty days after the receipt by Defendants of the document that first demonstrated the case was removable. Moreover, more than one year had not passed since the commencement of the action in state court on December 15, 2022.[18]

## VII.
## VENUE

Venue is proper in this district and division under 28 U.S.C. § 1441(a) because the county in which the removed action has been pending is located within this district and division.

## VIII.
## PROCEDURAL REQUIREMENTS

Simultaneously with filing this Notice of Removal, Defendants have filed their Notice of Filing Notice of Removal with the Clerk of Court for the 162nd Judicial District Court, Dallas County, Texas.

In accordance with Local Rule 81.1, the following documents are attached hereto for the Court's reference:

---

[17] *See* 28 U.S.C. § 1446(b).

[18] *Id.*

(1) State court docket sheet (as of January 10, 2023, [App. 001 – App. 008];

(2) Plaintiff's Original Petition (filed December 15, 2022) [App. 009 – App. 015];

(3) Citation for QT South, LLC, and Affidavit of Service [App. 016 – App. 020];

(4) Citation for QTR Corporation and Affidavit of Service [App. 021 – App. 024];

(5) Citation for QT Fuels, Inc., and Affidavit of Service [App. 025 – App. 028];

(6) Citation for National Product Group, Inc., and Affidavit of Service [App. 029 - App. 031];

(7) Citation for QuikTrip West, LLC and Affidavit of Service [App. 032 – App. 035];

(8) Citation for QuikTrip Corporation and Affidavit of Service [App. 036 – App. 039];

(9) Citation for Quik'n Tasty Foods, Inc. and Affidavit of Service [App. 040 – App. 043]; and

(10) Defendants' Original Answer (filed January 9, 2023 [App. 044 – App. 050].

Also, in accordance with Local Rules 81.1 and 81.2, Defendant has filed the following documents with this Notice of Removal:

- Civil Cover Sheet;
- Supplemental Civil Cover Sheet; and
- Certificate of Interested Persons.

## IX.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Defendant respectfully prays that this case be removed to the United States District Court, Northern District of Texas, Dallas Division.

Respectfully submitted,

*/s/ B. Kyle Briscoe*

**B. Kyle Briscoe**
State Bar No. 24069421
kbriscoe@peavlerbriscoe.com
**PEAVLER | BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
(214) 999-0550 (telephone)
(214) 999-0551 (facsimile)

**ATTORNEY FOR DEFENDANT**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record pursuant to, and in accordance with, the Federal Rules of Civil Procedure on January 11, 2023.

*/s/ B. Kyle Briscoe*
**B. Kyle Briscoe**